1  RODGER M. LANDAU (State Bar No. 151456)
   rlandau@lgbfirm.com
2  JOHN P. REITMAN (State Bar No. 80579)
   jreitman@lgbfirm.com
3  JACK. A. REITMAN (State Bar No. 283746)
   jareitman@lgbfirm.com
4  LANDAU GOTTFRIED & BERGER LLP
   1801 Century Park East, Suite 700
5  Los Angeles, California 90067
   Telephone: (310) 557-0050
6  Facsimile: (310) 557-0056

7  Attorneys for Plaintiff Official Committee of
   Unsecured Creditors of the Chapter 11 Bankruptcy
8  Estate of Debtor Walldesign, Inc.

9

10                **UNITED STATES BANKRUPTCY COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                      **SANTA ANA DIVISION**

13

| | |
|---|---|
| In re | Case No. 8:12-bk-10105-CB |
| WALLDESIGN, INC., a subchapter S Corporation, | Chapter 11 |
| | Adv. No. _____ |
| Debtor and Debtor-in-Possession. | COMPLAINT ON CLAIMS TO SET ASIDE AND RECOVER FRAUDULENT TRANSFERS, TO SET ASIDE AND RECOVER PREFERENTIAL PAYMENTS, AND FOR TURNOVER [WITH EXHIBITS] |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALLDESIGN, INC., | [Date and time to be set by Court.] |
| Plaintiff, | DATE: |
| v. | TIME: |
| AARON POTT, an individual; HUIS CLOS CONSULTING, LLC, a California limited liability company; and DOES 1-10, Inclusive, | PLACE: |
| Defendants. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Plaintiff is the Official Committee of Unsecured Creditors (the "Committee") of the chapter 11 bankruptcy estate (the "Estate") of Walldesign, Inc. ("Walldesign"). The Committee brings this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. §§1103(c)(5) and 1109(b) and this Court's *Order Approving Stipulation Granting Leave, Standing and Authority to the Official Committee of Unsecured Creditors To Commence, Prosecute and Settle Certain Claims of the Debtor's Estate*" entered May 13, 2013 [Docket No. 791], and *"Order Approving Amended Stipulation Granting Leave, Standing and Authority to the Official Committee of Unsecured Creditors To Commence, Prosecute and Settle Certain Claims of the Debtor's Estate*" entered December 2, 2013 [Docket No.980]. As the Committee was not formed until after Walldesign filed bankruptcy, the Committee does not have personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on information and belief.

## JURISDICTION AND VENUE

1.      In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 11 case of the debtor and debtor-in-possession, Walldesign, currently pending in the Bankruptcy Court as Case No. 8:12-bk-10105-CB (the "Walldesign Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it will impact the disposition of property of the estate and the amount of money available for distribution to creditors. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court. Each defendant is hereby notified that Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2.      Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409

1  because the Walldesign Bankruptcy Case is pending in this district and division. This Court also

2  has personal jurisdiction over each of the defendants.

3  **PARTIES**

4      3.    Plaintiff Committee is the duly formed and acting Committee of Unsecured

5  Creditors of the Estate of Walldesign.

6      4.    Defendant Aaron Pott ("Pott") is an individual who resides in Napa County,

7  California.

8      5.    Defendant Huis Clos Consulting, LLC ("Huis Clos") is a California limited liability

9  company with a principal place of business in Saint Helena, California. Pott is the owner of Huis

10  Clos.

11      6.    The Committee is not aware of the true names and capacities (whether individual,

12  associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore

13  sues said defendants, and each of them, by such fictitious names and will amend this Complaint to

14  include their true names and capacities, when ascertained, together with appropriate charging

15  allegations.

16      7.    Each of the Doe defendants is an immediate or mediate transferee of the fraudulent,

17  preferential, or other avoidable transfers alleged in this Complaint, or of the proceeds of such

18  fraudulent, preferential, or other avoidable transfers, and did not take such transferred property for

19  value, in good faith, and without knowledge of the avoidability of such transfers.

20  **GENERAL ALLEGATIONS**

21  ***Walldesign, Michael Bello, and Related Entities***

22      8.    Walldesign is a California corporation formed in 1983. Until 2012, the company

23  was engaged in the business of installing drywall, insulation, acoustical material, and plaster, and

24  providing related services to single and multi-family construction projects in California, Nevada,

25  and Arizona.

26      9.    At the head of Walldesign was its sole shareholder and President/Person-in-Charge,

27  Michael Bello ("Bello"), who was ultimately responsible for overseeing the day-to-day business

28  operations and financial performance of Walldesign, and involved in supervising all aspects of

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Walldesign's financial affairs.  Utilizing the financial success of Walldesign prior to 2007-2008,

2   Bello was able to and did maintain an extravagant lifestyle, including a mansion in Newport

3   Beach, California (recently sold by Bello), golf club and race horse track memberships,

4   condominiums, luxury automobiles, and the like.

5        10.    Walldesign's financial success also enabled Bello, individually, or along with his

6   wife Nancy Ann Bello ("Nancy Bello") and/or their adult children, Stephen Bello and/or

7   Christopher Bello, directly or indirectly to (i) acquire and operate a thoroughbred horse racing

8   stable in the early 2000s and then through Michael Bello, LLC (which was successful in its own

9   right, producing the champion racehorse "Megahertz"), formed in about 2008; (ii) acquire and

10  operate commercial vineyards and a wine making business in Napa Valley through Bello Family

11  Vineyard, LLC, formed in about 2002; (iii)  accumulate a large pool of investment and residential

12  properties held by RU Investments, LLC ("RUI") a California limited liability company owned by

13  Bello or by the Bello Family Trust, settled on January 14, 1997, of which Bello and Nancy Bello

14  are trustees; (iv) form Imperial Building Group, Inc. ("Imperial"), an employee leasing company

15  for Walldesign; (v) form MB Investment Group, LLC ("MB Investments") as a vehicle for Bello

16  owned real property; and (vi) form Bello Construction Company, LLC ("Bello Construction"),

17  which made a secured loan to Walldesign in late 2011.  (Michael Bello LLC, Bello Family

18  Vineyards, LLC, RUI, Imperial, MB Investments and Bello Construction are referred to

19  collectively as the "Bello Controlled Entities")

20       11.    Unfortunately, when Walldesign began to face financial reversals, Bello either

21  could not or would not scale back its or the Bello Controlled Entities (into which Bello was

22  diverting Walldesign's money) business operations or expenses or his personal lavish lifestyle.

23  Instead, Bello kept spending Walldesign's money – including while, as set forth below,

24  Walldesign was insolvent, undercapitalized, and unable to pay its debts as they became due in the

25  ordinary course of business.

26  ***The Financial Collapse of Walldesign***

27       12.    By the beginning of 2007, Walldesign already was in serious financial difficulty;

28  and its overall financial condition, including its significant contingent liabilities, rendered it

1 insolvent. The global economic downturn that began in 2007 resulted in a major slowdown in the

2 construction industry, and Walldesign's revenues and work in progress sharply declined. For its

3 fiscal year ending October 31, 2007, Walldesign's revenue declined by 30%, and its gross profit

4 on contract revenues plummeted from 10.45% in 2006 to 1.95% in 2007. As a consequence,

5 Walldesign incurred a net loss of $11.5 million in 2007. This financial condition only worsened

6 during the next four years.

7       13.     By not later than the beginning of 2008, Walldesign was undercapitalized,

8 insolvent and unable to pay its debts as they became due in the ordinary course of business. In

9 July 2008, nine months into its 2008 fiscal year, Walldesign's then-auditor expressed substantial

10 doubt about the company's ability to continue as a going concern. By its 2008 fiscal year-end,

11 Walldesign's gross revenue had dropped another 35%, from $167.5 million to $108.2 million.

12 Cash flow from operations saw a comparable 33% drop. The downward trend continued through

13 fiscal 2009 until January 2012. By that time annual revenues were down to $43.3 million, cash

14 flow from operations was negative $2.5 million, work in progress was down to $11.3 million, and

15 net capital available to finance its business was negative $5.3 million.

16       14.     Walldesign filed for bankruptcy protection on January 4, 2012 (the "Petition

17 Date"). According to Walldesign's Schedules, its assets total approximately $16 million while its

18 liabilities total approximately $26 million.

19 *The "Secret" Walldesign Bank Account at Preferred Bank*

20       15.     On November 1, 2002, in the halcyon days of Walldesign, Bello opened a "secret"

21 Walldesign corporate bank account at Preferred Bank (the "Preferred Bank Account"), located in

22 Irvine, California. That account remained active through the end of 2011 and open until after

23 Walldesign filed bankruptcy. At all relevant times, Bello was the sole signatory on the Preferred

24 Bank Account. Bello actively concealed the existence of that bank account from his subordinate

25 officers and managers at Walldesign. For example, the Preferred Bank Account was not disclosed

26 in the general ledger or other books and records of Walldesign. Similarly, the flow of

27 Walldesign's money into and out of that account also was not disclosed in Walldesign's records.

28 Moreover, although Bello personally signed the Schedules and SOFA filed in Walldesign's

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Bankruptcy Case, he did not disclose the Preferred Bank Account in those filings. Instead, the

2   existence of that secret account was learned about as the result of an investigation by one of

3   Walldesign's creditors. Bello kept the Preferred Bank Account secret for good reason – he was

4   using Walldesign's money in that account as a personal "piggy bank" for purposes unrelated to

5   Walldesign and from which Walldesign and its creditors obtained no benefit.

6        16.    At all relevant times, the Preferred Bank Account was funded with rebates and

7   refunds that Walldesign received from its material suppliers. As a large construction

8   subcontractor, Walldesign would buy materials used in the course of its business in bulk. One

9   effect of Walldesign buying its materials in bulk was that certain of its suppliers would issue

10  rebates to lower the net cost to Walldesign or refunds for unused product returned by Walldesign

11  to its suppliers. Apparently at Bello's instruction, however, instead of deducting the amount of the

12  rebate or refund from the total amount of the invoice to Walldesign, Walldesign's suppliers would

13  issue a check to Walldesign for the difference. Bello would then deposit these rebate or refund

14  checks into the Preferred Bank Account rather than into Walldesign's account at Comerica Bank

15  (*i.e.,* the Comerica Bank Account) and would not report the receipt of that money on Walldesign's

16  general ledger or other financial books and records. The checks that Walldesign received from its

17  suppliers ranged in size from as little as $30.00 to as much as $163,329.14. From January 2, 2008

18  through December 14, 2011, Bello deposited $5,137,440.13 of Walldesign's money into the

19  Preferred Bank Account.

20       17.    Predictably, the $5 million that Bello diverted into the secret Preferred Bank

21  Account was not used for the benefit of Walldesign. Instead, Bello used that money to support his

22  opulent life style and personal proclivities, including paying (i) to operate Bello Family

23  Vineyards; (ii) to operate Michael Bello LLC, his horseracing stable; (iii) to operate other Bello

24  Controlled Entities; (iv) his Las Vegas casino bills at the MGM Grand and the Wynn; and (v) his

25  personal expenses charged on his American Express credit card.

26       18.    Among the payments that Bello caused to be made from Walldesign's money in the

27  Preferred Bank Account for purposes unrelated to Walldesign or its business, are those payments

28  to defendants Pott and Huis Clos, listed on the attached **Exhibit 1**, which includes a schedule of all

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

1    checks made to Pott and Huis Clos from the Preferred Bank Account, as well as copies of those

2    checks.  Pott and Huis Clos were not creditors of Walldesign; instead, Pott was and is currently the

3    winemaker for Bello Family Vineyard (Huis Clos is his consulting company), which bears no

4    relationship to Walldesign or its business.  All payments that Bello caused Walldesign to make to

5    Pott and Huis Clos were for the sole benefit of Bello and the Bello Controlled Entities and were

6    not for the benefit of Walldesign or its creditors.

### FIRST CLAIM FOR RELIEF

**(Against All Defendants, To Avoid Intentionally Fraudulent Transfers of Money and Other**

**Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and**

**3439.07)**

11    19.    The Committee incorporates by reference and realleges paragraphs 1-18 of this

12    Complaint.

13    20.    During the seven-year period immediately preceding the Petition Date, Bello

14    caused Walldesign to make transfers of its property, including money, to or for the benefit of the

15    defendants that exceeded the total amount, if any, that such defendants paid to Walldesign prior to

16    and during such time period.  That excess amount is referred to herein as the "7-Year Transfers."

17    **Exhibit 1** identifies the currently known money transfers made by Walldesign to or for the benefit

18    of the defendants during this period that are part of the 7-Year Transfers.  At this time, the

19    Committee lacks sufficient information to specify the total amount of money and other property

20    that comprise all of the 7-Year Transfers.  The Committee will seek leave to amend this Complaint

21    when it has additional information concerning the money and other property that Walldesign

22    transferred to or for the benefit of the defendants.

23    21.    The 7-Year Transfers were made by Walldesign with the actual intent to hinder,

24    delay, or defraud its creditors.  Specifically, Bello caused Walldesign to make these transfers to or

25    for the benefit of the defendants to fund his opulent personal lifestyle and personal proclivities and

26    not to sustain or promote the business of Walldesign, even though he knew or consciously or

27    recklessly chose to ignore facts known to him that strongly suggested that Walldesign was in dire

28    financial straits and was undercapitalized, insolvent and unable to pay its debts as they became due

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   in the ordinary course of business.

2      22.    The defendants did not take any of the 7-Year Transfers for a reasonably equivalent

3   value and/or did not take such transfers in good faith.  Specifically, such defendants (i) knew or

4   consciously or recklessly chose to ignore facts known to them that strongly suggested  that they

5   were being paid by Walldesign because the transfers were identified as emanating from that entity;

6   (ii) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested

7   that the goods and/or services, if any, that the defendants provided in exchange for those payments

8   were not for Walldesign but rather were for Bello or a Bello Controlled Entity; and (iii) knew or

9   consciously or recklessly chose to ignore facts known to them that strongly suggested the goods

10  and/or services, if any, provided by them for such payments conferred no or less than substantially

11  equivalent value upon Walldesign.

12      23.    At all relevant times, the 7-Year Transfers were voidable under Cal. Civ. Code §§

13  3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against

14  Walldesign that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not

15  and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation,

16  the members of the Committee and Carpenters Southwest Administrative Corporation, State

17  Compensation Insurance Fund, and A-Z Cellular World, Inc.

18      24.    At all relevant times, Bello caused Walldesign to conceal from one or more of its

19  creditors, including one or more of the creditors identified in paragraph 23 of this Complaint, that

20  it had made the 7-Year Transfers with the intent to hinder, delay, or defraud one or more of such

21  creditors, in that Bello had caused such transfers to be made from the hidden Preferred Bank

22  Account for his personal benefit and not to benefit Walldesign or any of its creditors; and, because

23  at all relevant times Bello controlled Walldesign, such fraudulent transfers alleged in this claim for

24  relief could not have reasonably been discovered sooner than one year prior to the Petition Date.

25                          **SECOND CLAIM FOR RELIEF**

26  **(Against All Defendants, To Avoid Intentionally Fraudulent Transfers of Money and Other**

27     **Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and**

28                                **3439.07)**

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1       25.    The Committee incorporates by reference and realleges paragraphs 1-18 of this

2  Complaint.

3       26.    During the four-year period immediately preceding the Petition Date, Bello caused

4  Walldesign to make transfers of its property, including money, to or for the benefit of the

5  defendants that exceeded the total amount that such defendants paid to Walldesign prior to and

6  during such time period.  That excess amount is referred to herein as the "4-Year Transfers."

7  **Exhibit 1** identifies the currently known money transfers made by Walldesign to or for the benefit

8  of the defendants during this period that are part of the 4-Year Transfers.  At this time, the

9  Committee lacks sufficient information to specify the total amount of money and other property

10  that comprise all of the 4-Year Transfers.  The Committee will seek leave to amend this Complaint

11  when it has additional information concerning the money and other property that Walldesign

12  transferred to or for the benefit of the defendants.

13       27.    The 4-Year Transfers were made by Walldesign with the actual intent to hinder,

14  delay, or defraud its creditors.  Specifically, Bello caused Walldesign to make these transfers to or

15  for the benefit of the defendants to fund his opulent personal lifestyle and personal proclivities and

16  not to sustain or promote the business of Walldesign, even though he knew or consciously or

17  recklessly chose to ignore facts known to him that strongly suggested that Walldesign was in dire

18  financial straits and was undercapitalized, insolvent and unable to pay its debts as they became due

19  in the ordinary course of business.

20       28.    The defendants did not take any of the 4-Year Transfers for a reasonably equivalent

21  value and/or did not take such transfers in good faith.  Specifically, the defendants (i) knew or

22  consciously or recklessly chose to ignore facts known to them that strongly suggested  that they

23  were being paid by Walldesign because the transfers were identified as emanating from that entity;

24  (ii) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested

25  that the goods and/or services, if any, that the defendants provided in exchange for those payments

26  were not for Walldesign but rather were for Bello or a Bello Controlled Entity; and (iii) knew or

27  consciously or recklessly chose to ignore facts known to them that strongly suggested the goods

28  and/or services, if any, provided by them for such payments conferred no or less than substantially

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  equivalent value upon Walldesign.

2      29.    At all relevant times, the 4-Year Transfers were voidable under Cal. Civ. Code §§

3  3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against

4  Walldesign that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not

5  and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation,

6  the members of the Committee and Carpenters Southwest Administrative Corporation, State

7  Compensation Insurance Fund, and A-Z Cellular World, Inc.

8                    **THIRD CLAIM FOR RELIEF**

9  **(Against All Defendants, To Avoid Constructively Fraudulent Transfers of Money and**

10                **Other Property under 11 U.S.C. §§ 544(b) and 550(a) and**

11        **Cal. Civ. Code §§ 3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07)**

12      30.    The Committee incorporates by reference and realleges paragraphs 1-18 and 26 of

13  this Complaint.

14      31.    At all relevant times within the four years immediately preceding the Petition Date,

15  Walldesign (i) was insolvent, or became insolvent as a result of each such transfer; (ii) was

16  engaged in or was about to engage in a business or a transaction for which its remaining assets

17  were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or

18  believed or reasonably should have believed that it would incur, debts beyond its ability to pay as

19  they became due.

20      32.    At all relevant times, the 4-Year Transfers were voidable under Cal. Civ. Code §§

21  3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07 by one or more creditors who held and hold

22  unsecured claims against Walldesign that were and are allowable against its Estate under 11

23  U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e).  These

24  creditors include, without limitation, the members of the Committee and Carpenters Southwest

25  Administrative Corporation, State Compensation Insurance Fund, and A-Z Cellular World, Inc.

26                    **FOURTH CLAIM FOR RELIEF**

27  **(Against All Defendants, To Avoid and Recover Intentionally Fraudulent Transfers of**

28        **Money and Other Property under 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   33.    The Committee incorporates by reference and realleges paragraphs 1-18 of this

2   Complaint.

3   34.    During the two-year period immediately preceding the Petition Date, Bello caused

4   Walldesign to make transfers of its property, including money, to or for the benefit of the

5   defendants that exceeded the total amount that such defendants paid to Walldesign prior to and

6   during such time period.  That excess amount is referred to herein as the "2-Year Transfers."

7   **Exhibit 1** identifies the currently known money transfers made by Walldesign to or for the benefit

8   of the defendants during this period that are part of the 2-Year Transfers.  At this time, the

9   Committee lacks sufficient information to specify the total amount of money and other property

10  that comprise all of the 2-Year Transfers.  The Committee will seek leave to amend this Complaint

11  when it has additional information concerning the money and other property that Walldesign

12  transferred to or for the benefit of the defendants.

13  35.    The 2-Year Transfers were made by Walldesign with the actual intent to hinder,

14  delay, or defraud its creditors. Specifically, Bello caused Walldesign to make these transfers to or

15  for the benefit of the defendants to fund his opulent personal lifestyle and personal proclivities and

16  not to sustain or promote the business of Walldesign, even though he knew or consciously or

17  recklessly chose to ignore facts known to him that strongly suggested that Walldesign was in dire

18  financial straits and was undercapitalized, insolvent and unable to pay its debts as they became due

19  in the ordinary course of business.

20  36.    The defendants did not take any of the 2-Year Transfers for a reasonably equivalent

21  value and/or did not take such transfers in good faith.  Specifically, the defendants (i) knew or

22  consciously or recklessly chose to ignore facts known to them that strongly suggested  that they

23  were being paid by Walldesign because the transfers were identified as emanating from that entity;

24  (ii) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested

25  that the goods and/or services, if any, which the defendants provided in exchange for those

26  payments were not for Walldesign but, rather were for Bello or a Bello Controlled Entity; and (iii)

27  knew or consciously or recklessly chose to ignore facts known to them that strongly suggested the

28  goods and/or services, if any, provided by them for such payments conferred no or less than

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  substantially equivalent value upon Walldesign.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants, To Avoid and Recover Constructively Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

5  37.   The Committee incorporates by reference and realleges paragraphs 1-18 and 34 of
6  this Complaint.

7  38.   The defendants did not take any of the 2-Year Transfers for a reasonably equivalent
8  value and/or did not take such transfers in good faith.

9  39.   At all relevant times within the two years prior to the Petition Date, Walldesign (i)
10  was insolvent, or became insolvent as a result of each such transfer; (ii) was engaged in or was
11  about to engage in a business or a transaction for which its remaining assets were unreasonably
12  small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably
13  should have believed that it would incur, debts beyond its ability to pay as they became due.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants, To Avoid and Recover Preferential Transfers of Money and Other Property under 11 U.S.C. §§ 547(b) and 550(a))

17  40.   The Committee incorporates by reference and realleges paragraphs 1-18 of this
18  Complaint.  This claim for relief is brought as an alternative to the first through fifth claims for
19  relief but solely with respect to those transfers which are alleged therein to be fraudulent transfers
20  made within the 90-day period immediately preceding the Petition Date, and only to the extent
21  that a defendant alleges to have given reasonably equivalent value in exchange for such transfer.

22  41.   During the 90-day period immediately preceding the Petition Date, Walldesign
23  transferred the amounts detailed, in part, in **Exhibit 1** (the "90-Day Transfers") to or for the
24  benefit of the defendants.  To the extent, if any, that the 90-Day Transfers were in payment of an
25  obligation that Walldesign owed to the defendants, such obligation was an antecedent debt.

26  42.   As a result of the 90-Day Transfers, the defendants received from Walldesign more
27  than they would have received if such transfers had not been made and this case was a case under
28  chapter 7 of the Bankruptcy Code.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**(Against All Defendants, To Recover Fraudulent and Preferential Transfers of Money and Other Personal Property under 11 U.S.C. § 550(a)(2))**

43.     The Committee incorporates by reference and realleges paragraphs 1-42 of this Complaint.

44.     To the extent that the defendants, named and unnamed, are not the initial transferees of the transfers referred to in this Complaint, such defendants are immediate or mediate transferees of the initial transferee of such payments.

45.     To the extent that the defendants, named and unnamed, are immediate or mediate transferees of the initial transferee of the transfers referred to in this Complaint, such defendants did not take such transfers for value and/or in good faith and/or without knowledge of the avoidability of such transfers.

46.     Each of the transfers referred to in this claim for relief is recoverable from such defendants, named and unnamed, as an immediate or mediate transferee of the transfers that Bello caused Walldesign to make to the initial transferees thereof.

**WHEREFORE,** the Committee, on behalf of the Estate, prays for judgment against the defendants, and each of them, as follows:

1.     On the first claim for relief, for a judgment against the defendants that (i) avoids the 7-Year Transfers from Walldesign to or for the benefit of the defendants, (ii) imposes a constructive trust on the 7-Year Transfers and any proceeds thereof, and (iii) requires the defendants to return those transfers and their proceeds, or their value, to the Committee, for the benefit of the Estate;

2.     On the second claim for relief, for a judgment against the defendants that (i) avoids the 4-Year Transfers from Walldesign to or for the benefit of the defendants, (ii) imposes a constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii) requires the defendants to return those transfers and their proceeds, or their value, to the Committee, for the benefit of the Estate;

3.     On the third claim for relief, for a judgment against the defendants that (i) avoids

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the 4-Year Transfers from Walldesign to or for the benefit of the defendants, (ii) imposes a

2  constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii) requires the

3  defendants to return those transfers and their proceeds, or their value, to the Committee, for the

4  benefit of the Estate;

5      4.    On the fourth claim for relief, for a judgment against the defendants that (i) avoids

6  the 2-Year Transfers from Walldesign to or for the benefit of the defendants, and requires the

7  defendants to return those transfers and their proceeds, or their value, to the Committee, for the

8  benefit of the Estate;

9      5.    On the fifth claim for relief, for a judgment against the defendants that (i) avoids

10 the 2-Year Transfers from Walldesign to or for the benefit of the defendants, and (ii) requires the

11 defendants to return those transfers and their proceeds, or their value, to the Committee, for the

12 benefit of the Estate;

13     6.    On the sixth claim for relief, for a judgment against the defendants that (i) avoids

14 the 90-Day Transfers from Walldesign to or for the benefit of the defendants, and (ii) directs the

15 defendants to return those transfers and their proceeds, or their value, to the Committee, for the

16 benefit of the Estate;

17     7.    On the seventh claim for relief, for a judgment against all defendants that requires

18 them to return to the Committee, for the benefit of the Estate all transfers avoided by this

19 Complaint;

20     8.    For interest at the legal rate on all damages and sums awarded to the Committee,

21 for the benefit of the Estate; and

22     9.    For such other relief as the Court deems just and proper.

23

24 Dated: December 19, 2013                LANDAU GOTTFRIED & BERGER LLP

25

26

27                                         JOHN P. REITMAN
28                                         Attorneys for Plaintiff the Official Committee of
                                           Unsecured Creditors

                                    14

# EXHIBIT 1

Bello-Aaron Pott (Winemaker) - Preferred Bank Account No. 5601924

| Amount | Date | Check # |
|---|---|---|
| $7,000.00 | 2/6/2008 | 1572 |
| $7,000.00 | 3/6/2008 | 1588 |
| $7,000.00 | 4/22/2008 | 1607 |
| $9,410.00 | 7/9/2008 | 1672 |
| $7,000.00 | 10/6/2008 | 1729 |
| $7,000.00 | 11/3/2008 | 1753 |
| $7,000.00 | 12/8/2008 | 1777 |
| $7,000.00 | 1/2/2009 | 1801 |
| $7,000.00 | 1/30/2009 | 1825 |
| $7,000.00 | 3/3/2009 | 1844 |
| $7,000.00 | 4/21/2009 | 1871 |
| $7,000.00 | 6/5/2009 | 1907 |
| $7,000.00 | 7/14/2009 | 1931 |
| $7,000.00 | 8/4/2009 | 1944 |
| $7,000.00 | 9/22/2009 | 1970 |
| $8,658.78 | 9/25/2009 | 1985 |
| $7,000.00 | 12/15/2009 | 2055 |
| $7,000.00 | 1/20/2010 | 2074 |
| $7,000.00 | 5/12/2010 | 2124 |
| $7,000.00 | 6/15/2010 | 2149 |
| $7,000.00 | 8/9/2010 | 2183 |
| $7,000.00 | 9/15/2010 | 2212 |
| $7,000.00 | 11/8/2010 | 2247 |
| $7,000.00 | 12/7/2010 | 2267 |
| $7,000.00 | 1/21/2011 | 2279 |
| $7,000.00 | 2/22/2011 | 2300 |
| $7,000.00 | 3/16/2011 | 2311 |
| $7,000.00 | 4/11/2011 | 2331 |
| $7,000.00 | 5/10/2011 | 2358 |
| $7,000.00 | 6/10/2011 | 2386 |

Total Paid to Aaron Pott    $214,068.78

EXHIBIT 1
15




#1572    2/06/08        $7,000.00

EXHIBIT 1
16






#1588    3/06/08          $7,000.00

EXHIBIT 1
17





#1607    4/22/08              $7,000.00

EXHIBIT 1
18

#1672    7/09/08        $9,410.00

EXHIBIT 1
19



#1729    10/06/08         $7,000.00

EXHIBIT 1
20



#1753    11/03/08    $7,000.00

EXHIBIT 1
21





#1777    12/08/08          $7,000.00

EXHIBIT 1
22



#1801    1/02/09          $7,000.00

EXHIBIT 1
23



#1825    1/30/09        $7,000.00

EXHIBIT 1
24



#1844    3/03/09              $7,000.00

EXHIBIT 1
25

5601924                                        PAGE 5   of 7

 

#1871    4/21/09        $7,000.00

EXHIBIT 1
26

5601924                                    PAGE  4   of 8



#1907   6/05/09          $7,000.00

EXHIBIT 1
27

5601924                                    PAGE  4   of 6




#1931    7/14/09              $7,000.00

EXHIBIT 1
28

5601924                               PAGE  3   of 8



#1944    8/04/09         $7,000.00

EXHIBIT 1
29

5601924




#1970    9/22/09        $7,000.00

EXHIBIT 1
30

5601924                                    PAGE  7   of 7




#1985    9/25/09            $8,658.78

EXHIBIT 1
31

5601924



#2055     12/15/09              $7,000.00



EXHIBIT 1
32

5601924                                    PAGE  6  of 8



**WALLDESIGN INCORPORATED**

#2074    1/20/10              $7,000.00

EXHIBIT 1
33

5601924                                    PAGE  5   of 9



#2124    5/12/10        $7,000.00

EXHIBIT 1
34

5601924                                          PAGE  4  of 8



#2149     6/15/10          $7,000.00

EXHIBIT 1
35

5601924                                          PAGE  4  of 9

 

#2183    8/09/10              $7,000.00

EXHIBIT 1
36

5601924                                         PAGE  5   of 9



#2212    9/15/10        $7,000.00

EXHIBIT 1
37

5601924                                    PAGE  4   of 7



#2247    11/08/10              $7,000.00

EXHIBIT 1
38

5601924                              PAGE  5   of 6



#2267    12/07/10         $7,000.00



EXHIBIT 1
39

5601924                                    PAGE  4   of 6



#2279    1/21/11              $7,000.00

EXHIBIT 1
40

5601924                                         PAGE   5   of 6



    

#2300    2/22/11              $7,000.00

EXHIBIT 1
41

5601924                                    PAGE  5   of 8



#2311    3/16/11              $7,000.00

EXHIBIT 1
42

5601924




#2331    4/11/11              $7,000.00

EXHIBIT 1
43

5601924                                    PAGE   4   of 9



#2358    5/10/11        $7,000.00

EXHIBIT 1
44

5601924                                          PAGE   4   of 7



#2386      6/10/11                    $7,000.00

EXHIBIT 1
45

Bello -Huis Clos Consulting Preferred Bank Account No. 5601924

| Amount | Date | Check # |
|---|---|---|
| $7,000.00 | 9/14/2011 | 2431 |
| $7,000.00 | 10/25/2011 | 2448 |

**Total Paid**                                        **$14,000.00**

EXHIBIT 1
46

5601924                                              PAGE  5   of 7



#2431    9/14/11          $7,000.00

EXHIBIT 1
47

5601924                                    PAGE  4   of 6



#2448    10/25/11          $7,000.00

EXHIBIT 1
48

FORM B104 (08/07)                                                                       2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF<br>WALLDESIGN, INC. | DEFENDANTS<br>AARON POTT, an individual; HUIS CLOS CONSULTING, LLC,<br>a California limited liability company; and DOES 1-10, Inclusive |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700, Los Angeles, California 90067<br>Telephone: (310) 557-0050 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Preferential and Fraudulent transfers: 11 U.S.C. §§ 544(b); 547(b); 548(a)(1)(A); 548(a)(1)(B); 550(a); 550(a)(2) and Cal. Civ. Code §§ 3439.04(a); 3439.04(b); 3439.05; 3439.07

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[3] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false
      representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
      larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state
      court if unrelated to bankruptcy case)

| ☑  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand $ 228,068.78 |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** WALLDESIGN, INC., a subchapter S Corporation | | **BANKRUPTCY CASE NO.** 8:12-bk-10105 |
| **DISTRICT IN WHICH CASE IS PENDING** Central District of California | **DIVISIONAL OFFICE** Santa Ana | **NAME OF JUDGE** Catherine E. Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** 12-18-13 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** John P. Reitman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RODGER M. LANDAU (State Bar No. 151456) <br> rlandau@lgbfirm.com <br> JOHN P. REITMAN (Bar No. 80579) <br> jreitman@lgbfirm.com <br> JACK. A. REITMAN (Bar No. 283746) <br> jareitman@lgbfirm.com <br> LANDAU GOTTFRIED & BERGER LLP <br> 1801 Century Park East, Suite 700 <br> Los Angeles, California 90067 <br> Telephone: (310) 557-0050 <br> Facsimile: (310) 557-0056 <br> *Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re: <br> WALLDESIGN, INC., a subchapter S Corporation, <br><br><br> Debtor(s). | CASE NO.: 8:12-bk-10105-CB <br><br> CHAPTER: 11 <br><br> ADVERSARY NUMBER: |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALLDESIGN, INC., <br><br><br> Plaintiff(s) <br> Versus <br> AARON POTT, an individual; HUIS CLOS CONSULTING, LLC, a California limited liability company; and DOES 1-10, Inclusive <br><br><br> Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
            Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          Page 3                                  **F 7004-1.SUMMONS.ADV.PROC**